Eastern District of Kentucky
**FILED**

MAY 1 0 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

**NOT FOR PUBLICATION OR CITATION**

CIVIL ACTION NO. 05-CV-65-KSF

WILLIAM F. BASACCHI               PLAINTIFF

VS:           **MEMORANDUM OPINION AND ORDER**

JUDGE DAVID HAYSE, ET AL.            DEFENDANTS

The plaintiff alleges that deliberate indifference has been exhibited to his serious medical needs, in violation of the Eighth Amendment, because he allegedly has been denied treatment and medication for a psychiatric condition and Hepatitis "C."

The named defendants are Fayette District Court Judge David Hayse; Fayette County Detention Center Medical Director Donna Kummer; Chief Physician at the Fayette County Detention Center Dr. Timothy Clancey; and Director of the Fayette County Detention Center Ronald Bishop.

The plaintiff seeks injunctive relief and damages.

### FACTUAL ALLEGATIONS

The following is a summary of the factual allegations underlying the plaintiff's claims.

The plaintiff was incarcerated on August 1, 2004. Presumably this incarceration was at the Fayette County Detention Center.

Since August 1, 2004, the plaintiff, apparently acting *pro se*, allegedly has brought three separate motions before Fayette District Judge David Hayse. Apparently, those motions were for probation reinstatement or for early release. Within those "motions," the plaintiff alleges that he informed Judge Hayse that he is infected with Hepatitis "C," that he is sick, and that he is not

receiving treatment. The plaintiff asked Judge Hayes for shock probation or early release so that he could obtain medical treatment. The plaintiff complains that Judge Hayse denied his motions.

The plaintiff alleges he was entitled to release on December 28, 2004, because on that date he had completed a 150-day sentence. Instead, Judge Hayse chose to continue to keep the plaintiff confined for what allegedly is a misdemeanor probation violation. The plaintiff asserts that Judge Hayse denied him shock probation based upon his driving record.

When the plaintiff was confined on August 1, 2004, he was without proper footwear for his "mid-metatarsal amputation" of his right foot. He filed a grievance and, resultingly, had a conversation with FCDC Medical Director Donna Kummer. In that conversation, they discussed how to obtain orthopedic footwear from an orthopedist in Lexington. The plaintiff informed Kummer that in August of 2003 he had been declared totally disabled due to "diminished mental capacity." Kummer was informed that the plaintiff had spoken with Dr. Clancey and Comprehensive Care to complain that he was not receiving his "psychiatric medication." The plaintiff asserts that he has been approved for Social Security Income benefits based upon his psychiatric condition. Kummer supposedly denigrated the plaintiff personally and indicated that he would not receive the costly treatment he sought.

Allegedly, Hepatitis "C" is "ravaging" the plaintiff's body and he is often being subjected to unspecified disciplinary charges for actions which he attributes to the absence of his psychiatric medications. The plaintiff claims that his physical and mental conditions are being ignored.

For over one year prior to June of 2004, the plaintiff experienced pain in his abdomen. The plaintiff alleges that in June of 2004 he was diagnosed with Hepatitis "C." In July of 2004 the plaintiff alleges he had a C.T. scan and an appointment with an internal medicine specialist. On

August 1, 2004, he was confined in the FCDC. In October of 2004, the plaintiff began having severe pain and swelling in his abdominal region. At an undisclosed time, the plaintiff allegedly was told by Dr. Clancey that Hepatitis "C" treatment was expensive and the condition was "no big deal" and, therefore, no treatment would be offered. The plaintiff is still suffering from severe abdominal pain, and he is not receiving any treatment for that pain or the possible underlying condition.

FCDC Director Ron Bishop allegedly permits FCDC employees to ignore inmates' medical conditions in order to reduce the costs of operating the jail.

### JUDGE DAVID HAYSE

Absolute judicial immunity exists for "those acts which are truly judicial acts...." *Morrison v. Lipscomb*, 877 F.2d 463, 467-68 (6th Cir. 1989) (citing *Forrester v. White*, 484 U.S. 219 (1988)). This action must be dismissed as to Judge Hayse.

### CAPACITY

The plaintiff does not specify whether the named defendants are named in either their individual or official capacities.

The plaintiff has insufficiently pled the capacity in which he is suing the named defendants. *Hurst v. Fentress County Tenn., et al.*, 229 F.3d 1152, 2000 WL 1206520 (6th Cir. (Tenn.)) (Unpublished Opinion). Generally, a plaintiff must designate in which capacity an individual defendant is being sued and, if the complaint does not so state, then by operation of law the individual is deemed to have been sued in his or her official capacity. *See Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir. 1992). Only when the allegations in a complaint clearly indicate that individual defendants are being sued in their individual capacities for damages is it construed that defendants are being sued in their individual capacities. *See Pelfrey v. Chambers*, 43 F.3d 1034 (6th

Cir. 1995). The allegations in this complaint establish that the plaintiff is suing the individual county employee defendants in their official capacities for actions they allegedly have taken in the course of their employment. An official capacity claim filed against a public employee is the equivalent to a lawsuit directed against the public entity which that agent represents. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Mumford v. Basinski,* 105 F.3d 264, 267 (6th Cir. 1997). This action must be dismissed against the defendants in their individual capacities.

To the extent the plaintiff is bringing this action against the defendants in their official capacities for damages, under *Kentucky v. Graham* this action is deemed to be against the governmental entity, the Lexington-Fayette Urban County Government. "Municipal entities cannot be held responsible for constitutional deprivations unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Hurst v. Fentrees Co. Tenn.*, 229 F.3d 1152 at *2 (citing *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 887 (6th Cir. 1993)). "The plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy." *Id.* (citing *See Garner v. Memphis Police Dep't.*, 8 F.3d 358, 363-64 (6th Cir. 1993)). "A governmental entity may not be sued under §1983 for an injury inflicted solely because it employed a tortfeasor; the doctrine of *respondeat superior* simply does not apply to §1983 suits. *Id.* (citing *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978)). The record and pleadings suggest that the Lexington-Fayette Urban County Government, via Fayette County Detention Center Director Ron Bishop, has a policy or custom of denying seriously injured and/or physically and/or mentally ill inmates appropriate medical treatment. Consequently, summons should issue to Defendants Kummer, Clancey, and Bishop, in only their official capacities, to respond to only the plaintiff's Eighth

Amendment deliberate indifference to serious medical needs claim.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED:**

(1) All claims against Defendant Judge David Hayse, in both his individual and official capacities, are hereby **DISMISSED**.

(2) Summons shall issue to Defendants Donna Kummer, Dr. Timothy Clancey, and Ronald Bishop, in only their official capacities, to respond to only the plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim. All claims against Defendants Kummer, Clancey, and Bishop in their individual capacities are hereby **DISMISSED**.

(3) The Clerk shall also prepare as many copies of the complaint as there are summonses and any required USM Forms 285. If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a Clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(3) A Deputy Clerk shall hand-deliver to the United States Marshal's office in Lexington the summonses, USM Forms 285, complaint copies, a copy of this Order, and/or any other documents necessary to effectuate service on said defendants. The Deputy Clerk making the hand-delivery to the Marshal's office shall obtain from the U. S. Marshal a receipt for the hand-delivered documents and shall file the receipt into the record.

(4) The United States Marshal shall serve a summons, complaint copy, and copy of this Order on each named defendant and shall do so by mail and/or personal service and/or certified mail, return receipt requested.

(5) The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(6) The plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(7) For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

(8) The Clerk is directed to serve a copy of this Order upon the Jailer/Warden of the institution in which the prisoner is currently confined and upon the Office of General Counsel for the Kentucky Department of Corrections in Frankfort, Kentucky.

This the ___10___ day of May, 2005.

_____KSF_____
KARL S. FORESTER, SENIOR JUDGE