NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
FEB 2 3 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-65-KSF

WILLIAM F. BASACCHI                  PLAINTIFF

VS: **MEMORANDUM OPINION AND ORDER**

JUDGE DAVID HAYSE, ET AL.            DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on several motions of the defendants and the plaintiff's failure to keep the Clerk of the Court advised of his whereabouts.

## BACKGROUND

On February 24, 2005, the prisoner-plaintiff filed the instant *pro se* complaint, claiming that the named governmental defendants were being deliberately indifferent to his serious medical needs during his incarceration at the local jail, the Fayette County Detention Center ("FCDC"). He claimed that his medical treatment, or lack of treatment, violated the Eighth Amendment prohibition against cruel and unusual punishment. He sought injunctive relief and damages.

On May 10, 2005, the Court granted the plaintiff permission to proceed *in forma pauperis*, dismissed Defendant Judge Hayse and all claims against the other named defendants in their individual capacities, and directed that summons issue and the complaint be served on the remaining defendants, in their official capacities only: the FCDC Medical Director Donna Kummer; Chief Physician at the FCDC, Dr. Timothy Clancey; and Director of the FCDC, Ronald Bishop. Record No. 5.

The same Order directing service of the complaint also contained instructions to the plaintiff, one of which read as follows: "(5) The petitioner shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case." The petitioner has not complied with this Order, however. In fact, this Order did not reach the petitioner, as his copy was returned by postal authorities as undeliverable. *See* Record No. 11.

The docket of the Court shows that since the time of that Order, on a total of four occasions, documents sent to the plaintiff by the Clerk have been returned as undeliverable at the address he had initially given, the FCDC. Moreover, the FCDC has confirmed that he is no longer at the FCDC address, Defendant Bishop filing an affidavit that the plaintiff was released to the State of Florida on May 7, 2005. Record No. 13. The docket also shows that the plaintiff did not respond to Defendants Kummer's and Clancey's discovery requests served on June 1, 2005, as they have filed a motion to compel him to respond [Record No. 16].

After the filing of the motion to compel and the Clerk's first three fruitless attempts to contact the plaintiff, on September 30, 2005, this Court issued another Order [Record No. 18], again instructing the plaintiff on his duty to notify the Clerk of any change of address. Further, the Court granted the plaintiff 30 days in which to inform the Clerk of his current address and warned this time that his failure to do so timely "will result in dismissal of the above captioned case." *Id.* This Order was also returned.

Four months have passed since the Court's last Order and the plaintiff has again failed to respond to the Court's Order. Additionally, upon the passage of more than 60 days' time with no response from the plaintiff, the defendants have filed motions to dismiss. Bishop seeks dismissal

2

[Record No. 20] on the grounds that the plaintiff has not obeyed the Court's Orders and that the plaintiff did not exhaust the administrative efforts available to him at the FCDC prior to filing this lawsuit. Defendants Kummer and Clancey adopt the memorandum of Bishop as their grounds and also rely on Federal Rule of Civil Procedure 41(b) [Record No. 22].

ORDER

The plaintiff's failure to keep up with his own case leaves this Court with no option but to grant the defendants' motions to dismiss and dismiss the case for Mr. Basacchi's failure to prosecute. Although complaints filed by *pro se* litigants are held to a less stringent standard than those filed by legal counsel, there are minimum requirements. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). *See also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The motions of Defendants Kummer, Clancey, and Bishop to dismiss [Record Nos. 20, 22] are **GRANTED**;

(2) the motion of Defendants Kummer and Clancey to compel [Record No. 16] is **DENIED** as moot; and

(3) this action is **DISMISSED** for want of prosecution. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This the 23rd day of February, 2006.

KSF

_____
KARL S. FORESTER, SENIOR JUDGE